# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LINDA COTTON | § |
| | § |
| V. | § |
| | § A-09-CA-306-LY |
| MICHAEL J. ASTRUE, | § |
| COMMISSIONER OF THE | § |
| SOCIAL SECURITY ADMINISTRATION | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATED MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 7); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 12); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 15). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Linda Cotton appeals from the determination that she is not disabled and presents for review two issues: (1) whether proper weight was given to the medical and vocational evidence; and (2) whether the ALJ erred in his findings regarding the Plaintiff's residual functional capacity. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On August 18, 2005, Linda Cotton (hereinafter "Cotton" or "Plaintiff") filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). Cotton also filed an application for supplemental security income under Title XVI of

the Act on February 1, 2006. In both applications, Cotton alleges disability beginning July 14, 2004 (Tr. 12). The claims were denied initially on April 6, 2006, and upon reconsideration on June 21, 2006 (Tr. 50, 64). Cotton timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 30, 2008 (Tr. 12, 20–43). Cotton testified at the hearing and was represented by her attorney, Bob Richardson (Tr. 20).[1] Calvin Turner, a vocational expert, also appeared and testified at the hearing (Tr. 20). The ALJ issued an unfavorable decision dated March 10, 2008, finding that Cotton was not disabled within the meaning of the Act (Tr. 9–19). The Appeals Council declined Cotton's Request for Review by notice on February 20, 2009, making it the final decision of the Commissioner (Tr. 1–3). Cotton then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her benefits under the Act.

## II. FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Cotton has major depressive order with anxiety, but she does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). In regard to residual functional capacity ("RFC"), the ALJ found that Cotton has the RFC to perform light work, though she is moderately limited in her ability to maintain concentration for extended periods of time and in her ability to respond appropriately to pressure in a usual work setting (Tr. 15). After considering Cotton's age, education, work experience, and RFC, the ALJ found that she is capable of performing her past relevant work as a claims clerk or general clerk (Tr. 18). Accordingly, the ALJ found that Cotton is not disabled as defined in the Act (Tr. 18).

---

[1] In this appeal, she is represented by Mary Ellen Felps.

## III. ISSUES BEFORE THE COURT

Cotton contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Cotton argues that (1) proper weight was not given to the medical and vocational evidence; and (2) the ALJ erred in his findings regarding the residual functional capacity.

## IV. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary

choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

V.  **ANALYSIS**

A.  **Did the decision fail to give proper weight to the medical and vocational evidence?**

Under her first issue, Cotton argues that the entirety of the evidence shows that Cotton is unable to work due to her severe symptoms of anxiety and panic. She also asserts that the ALJ did not address the post traumatic stress disorder at all in the decision, and remand is required for this to be considered.[2]

As noted above, the ALJ found that Cotton has major depressive order with anxiety. The ALJ further found that Cotton's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but Cotton's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. In making this determination, the ALJ found it significant that Cotton refused to take advantage of treatment provided by a Mental Health and Mental Retardation Clinic, despite her complaints of various mental health issues and her inability to pay for services (Tr. 17, 229). Additionally, the ALJ found her activities of daily living since her alleged onset date of disability inconsistent with her allegations of disability (Tr. 17). The ALJ may consider evidence of daily activities in conjunction with other evidence in determining credibility. *See Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). Thus, there is substantial evidence to support the ALJ's determination that Cotton's statements concerning the intensity,

---

[2]Cotton does not make any argument as to why the ALJ's failure to make an additional finding of post traumatic stress disorder, assuming there was a basis for it, affected the outcome. A plaintiff seeking judicial review must also demonstrate prejudice arising from the error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981). Given the severe impairments the ALJ did find—depression and anxiety—it is unclear that her limitations would be any different had he mentioned PTSD as a severe impairment as well. Thus, Cotton has not shown that remand is necessary for PTSD to be addressed.

4

persistence and limiting effects of her symptoms were not entirely credible, and that her ability to function is not so severely impaired as to preclude her from full-time work.

B.  **Did the ALJ err in his findings regarding Cotton's residual functional capacity?**

In her next issue for review, Cotton initially argues that the ALJ's finding that Cotton was moderately limited in her ability to maintain concentration for an extended period of time and in her ability to respond appropriately to pressure in a usual work setting is contrary to the evidence. As discussed above, the ALJ found that found that Cotton has major depressive order with anxiety, which could reasonably be expected to produce the alleged symptoms, but Cotton's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. Accordingly, the ALJ only placed moderate limitations on her ability to maintain concentration and in her ability to respond appropriately to pressure in a usual work setting. Given Cotton's refusal to take full advantage of treatment opportunities and her admitted daily activities, the ALJ was justified in making this finding.

Cotton next argues that the ALJ did not ask the vocational expert whether someone with Cotton's RFC, and particularly with her mental limitations, would be able to perform her past work. Social Security Ruling 82-62 establishes the protocol for determining a disability claimant's capacity to do past relevant work. *See* Soc. Sec. R. 82-62 (1982), 1982 WL 31386. The Ruling directs adjudicators who determine that claimants can perform past relevant work to include in their decision certain specific findings:

> 1. A finding of fact as to the individual's RFC.
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id.* at *4.

When an administrative law judge fails to follow a ruling, a plaintiff seeking judicial review must also demonstrate prejudice arising from that error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Parker v. Barnhart*, 431 F. Supp. 2d 665, 672 (E.D. Tex. 2006). A claimant may demonstrate prejudice by showing that, but for the error, the ALJ might have reached a different conclusion. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (prejudice established by showing that supplementation of record might have led to a different outcome); *see also Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1995); *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984).

Here, as Cotton argues, the ALJ did not make an explicit finding as to the mental demands of her prior work as required by Ruling 82-62. He clearly erred in that respect. Thus, the next issue is whether plaintiff has demonstrated prejudice arising from the error. In other words, has Cotton shown that there is a reasonable possibility that the ALJ might have concluded that she is unable to perform her past relevant work had the ALJ made the finding directed by the Ruling? Plainly, she has not. Rather, she only points out the error, and then asserts that there is not substantial evidence to support the conclusion reached by the ALJ that she could return to her past relevant work. Because Cotton fails to show that, had the ALJ made the finding as to the mental demands of her prior work, there is a reasonable probability that the ALJ might have concluded that she would be able to perform all of her past work, Cotton is not entitled to relief.

Finally, Cotton argues that absenteeism would preclude her from maintaining employment. She points out that the vocational expert testified that absenteeism in excess of one day a month would result in termination, and she argues that because she was seen at least monthly by her treating doctors, she would not be able to perform a job successfully. This argument is without merit. Cotton does not offer any evidence from a medical source stating that she would have to be absent from work more than eight hours per month, nor does she provide any indication of the duration of

her past doctor visits or show that she could not schedule doctor's appointments around her work schedule, or within the leave policy of her employer.

## VI. RECOMMENDATION

Based upon the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE